# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 19-647V
Filed: November 4, 2025

| | |
|---|---|
| LYNN ACTON,<br><br>              Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>              Respondent. | Special Master Horner |

*Patricia Ann Finn, Patricia Finn, P.C., Pearl River, NY*, for petitioner.
*Benjamin Patrick Warder, U.S. Department of Justice, Washington, DC*, for respondent.

## **DECISION AWARDING DAMAGES**[1]

      On May 1, 2019, petitioner, Lynn Acton, filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10, *et seq.*[2] ("Vaccine Act"). (ECF No. 1.) Petitioner alleged that a November 30, 2016 influenza ("flu") vaccine caused a significant aggravation of her pre-existing chronic fatigue syndrome and Lyme disease, resulting in myoclonus, tremors, fasciculations, and muscle atrophy. (*Id.*) She further alleged that she suffered "immune activation to a previous vaccination resulting in chronic fatigue syndrome and brain injury" and that the subject flu vaccination significantly aggravated her condition, resulting in myoclonus and muscular weakness and wasting. (ECF No. 87.)

      On December 12, 2024, a ruling on entitlement was issued, finding petitioner entitled to compensation for post-vaccinal myoclonus. (ECF No. 91.) On November 4, 2025, respondent filed a proffer on award of compensation ("Proffer") indicating petitioner should be awarded a lump sum of $65,786.83, representing compensation of $50,000.00 for pain and suffering, $220.00 for past unreimbursable expenses, and

---

[1] Because this document contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the document will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.

$15,566.83 for past lost earnings. (ECF No. 105.) In the Proffer, respondent represented that petitioner agrees with the proffered award. (*Id.*) Based on the record as a whole, I find that petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award petitioner a lump sum payment of $65,786.83, representing compensation of $50,000.00 for pain and suffering, $220.00 for past unreimbursable expenses, and $15,566.83 for past lost earnings, to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement to petitioner.** This amount represents compensation for all damages that would be available under § 15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

**s/Daniel T. Horner**
Daniel T. Horner
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

## IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| LYNN ACTON, ) | |
| ) | |
| Petitioner, ) | |
| ) | No. 19-647V **(ECF)** |
| v. ) | Special Master Horner |
| ) | |
| SECRETARY OF HEALTH ) | |
| AND HUMAN SERVICES, ) | |
| ) | |
| Respondent. ) | |

### RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

On May 1, 2019, Lynn Acton ("petitioner") filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34, as amended ("Vaccine Act"), alleging that she suffered injuries caused by her receipt of an influenza vaccine that was administered on November 30, 2016. ECF No. 1 at 1, 4. Special Master Horner held an entitlement hearing in this case on June 27, 2023, and on December 12, 2024, he issued a Ruling on Entitlement finding that petitioner was entitled to compensation for post-vaccinal myoclonus.[1] ECF No. 91. Respondent now files this proffer regarding the amount of damages to be awarded.

**I.   Items of Compensation**

   **A.   Pain and Suffering**

Respondent proffers that petitioner should be awarded $50,000.00 for pain and suffering. *See* 42 U.S.C. § 300aa-15(a)(4). Petitioner agrees.

---

[1] Respondent has no objection to the amount of the proffered award of damages set forth herein. Assuming that Special Master Horner issues a damages decision in conformity with this proffer, respondent waives his right to seek review of such damages decision. However, respondent reserves his right, pursuant to 42 U.S.C. § 300aa-12(e), to seek review of the December 12, 2024 Ruling on Entitlement.

B.  Past Unreimbursable Expenses

Evidence supplied by petitioner documents that she incurred past unreimbursable expenses pertaining to her vaccine-related injury. Respondent proffers that petitioner should be awarded past unreimbursable expenses in the amount of $220.00. See 42 U.S.C. § 300aa-15(a)(1)(B). Petitioner agrees.

C.  Past Lost Earnings

Evidence supplied by petitioner documents that she incurred past lost earnings pertaining to her vaccine-related injury. Respondent proffers that petitioner should be awarded past lost earnings in the amount of $15,566.83. See 42 U.S.C. § 300aa-15(a)(3)(A). Petitioner agrees.

These amounts represent all elements of compensation to which petitioner is entitled under 42 U.S.C. § 300aa-15(a). Petitioner agrees.

II.  **Form of the Award**

Petitioner is a competent adult. Evidence of guardianship is not required in this case. Respondent recommends that the compensation provided to petitioner should be made through a lump sum payment as described below and requests that Special Master Horner's decision and the Court's judgment award the following:[2] a lump sum payment of $65,786.83, to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement to petitioner.

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

---

[2] Should petitioner die prior to entry of judgment in this case, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future unreimbursable expenses, future lost earnings, and future pain and suffering.

2

3

                        C. SALVATORE D'ALESSIO
                        Director
                        Torts Branch, Civil Division

                        HEATHER L. PEARLMAN
                        Deputy Director
                        Torts Branch, Civil Division

                        TRACI R. PATTON
                        Assistant Director
                        Torts Branch, Civil Division

                        */s/ Benjamin P. Warder*
                        BENJAMIN P. WARDER
                        Trial Attorney
                        Torts Branch, Civil Division
                        U.S. Department of Justice
                        P.O. Box 146, Ben Franklin Station
                        Washington, DC 20044-0146
                        Telephone:  (202) 532-5464
DATE:  November 4, 2025          Email:  Benjamin.P.Warder@usdoj.gov